W. Vincent Gbady, J.
Julian Padworski, also known as Julian Padworsky, also known as Yuluan Karlovich Podvorsky, died a resident of the City of Grodno, Grodnenskaya Province, Byelorussia, U. S. S. R., on the 18th day of November, 1961, being at that time a Russian citizen. Said decedent died possessed of certain personal property in the 'County of Dutchess, State of New York, which consisted of moneys deposited with the Dutchess County Treasurer pursuant to an order of this court dated June 23, 1953, in the estate of Walter Padworski, deceased. On January 4, 1965, letters of administration were duly issued to the then incumbent Dutchess County Treasurer, Wilber N. Creswell, who posted a bond in the amount of $5,000 covering the assets turned over to him in said estate.
The present application is made by the administrator for advice, instruction and direction as to the distribution of estate *1044 assets and as to the manner and procedure of making payment thereof.
Powers of attorney have been filed in this court by Anna Antonovna Podvorskaya, widow, and Yanina Yulyanovna Podvorskaya Sabkeniuk, Aleksandr Ynlyanovich Podvorsky, Irina Yulyanovna Podvorskaya Zemaro, Bronislava Yulyanovna Podvorskaya G-rubich, Mikhail Ynlyanovich Podvorsky and Vanda Yulyanovna Podvorskaya, children of decedent, all residing in Russia, naming Wolf, Popper, Ross, Wolf and Jones as attorneys in fact to appear for said distributees. Said attorneys in fact have appeared for said distributees and have filed a waiver of service of citation in this proceeding in their behalf.
Maria Bulyanovna Podvorskaya Chekovitsky, a daughter of deceased, now residing in Poland, has been served with citation through the Polish Consulate General, at Washington, D. C., and he has authorized Wolf, Popper, Ross, Wolf and Jones to appear for her in this proceeding.
Section 269-a of the Surrogate’s Court Act provides: “Deposit in court for benefit of legatee, distributee or beneficiary. 1. Where it shall appear that a legatee, distributee or beneficiary of a trust would not have the benefit or use or control of the money or other property due him, or where other special circumstances make it appear desirable that such payment should be withheld, the decree may direct that such money or other property be paid into the surrogate’s court for the benefit of such legatee, distributee, beneficiary of a trust or such person or persons who may thereafter appear to he entitled thereto. Such money or other property so paid into court shall be paid out only by the special order of the surrogate or pursuant to the judgment of a court of competent jurisdiction.
“2. In any such proceeding, where it is uncertain that an alien legatee, distributee or beneficiary of a trust, not residing within the United States or its territories, would have the benefit or use or control of the money or other property due him, the burden of proving that such alien legatee, distributee or beneficiary of a trust will receive the benefit or use or control of the money or other property due him shall be upon him or on the person or persons claiming from, through or under him. ’ ’
Testimony was taken by the court to determine whether the foreign nationals would “have the benefit or use or control of the money ” due them. The proof introduced by Wolf, Popper, Ross, Wolf & Jones, attorneys in fact for all the distributees living in Russia, indicated that they would have said *1045 ‘ ‘ benefit, use and control ’ ’ of any money sent to them. The testimony revealed that the 'Civil Code and the Constitution of U. S. S. B. permits citizens of Bussia to have their private property to satisfy their material and cultural requirements. They may receive funds from estates without restriction as to amount. Since 1943, there are no inheritance taxes, no duties or charges except those of the attorneys and the banks in handling the transmittal of funds to Soviet heirs. Transmittal of funds to Soviet citizens is done through Chemical Bank New York Trust Company and Chase Manhattan Bank and its correspondent bank in the Soviet Union. There are no United States restrictions and limitations relative to such remittances. These remittances can be converted by the Soviet heirs into rubles, the official currency, at the rate of 90 kopecks per dollar which can be used for any purpose that Soviet money can be used in the Soviet Union. They can put the money in a dollar account in the Foreign Trade Bank, U. S. S. B., or convert the money into certificates for making purchases of articles needed through special stores in the Soviet Union known as “ Vneshposyltorg Stores.” The heirs may deposit the funds in a savings account at interest and there is no limit on the amount deposited.
The attorneys in fact, Wolf, Popper, Boss, Wolf & Jones, will deduct 25% of each share going to Soviet citizens they represent. This covers all communications, translations and appearances by them and any correspondent law firm. Ten per cent of the amount remitted goes to the forwarding law firm in Bussia for services in securing all documents and having them authenticated. The transmitting banks also make nominal charges for handling the transfer of funds.
From this testimony it is evident that Soviet heirs will receive the “benefit, use and control” of the money due them, less legal fees and transmittal costs which appear to be regular. Also, considering the fact that the estate is less than $5,000 to be divided between a wife and 7 children, it would be better for them to have some benefit from it now rather than retain it for them indefinitely in this country.
After due consideration the court decides and finds as follows:
The corpus of the estate should be distributed as an intestacy, after the deduction of debts and administration expenses.
The intestate shares of the distributees residing in Bussia namely: Anna Antonovna Podvorskaya, widow, and Yanina Yuly ano vna Podvorskaya Sabkeniuk, Aleksandr Yulyanovich Podvorsky, Irina Yulyanovna Podvorskaya Zemaro, Bronislava Yuly ano vna Podvorskaya Grubich, Mikhail Yulyanovich *1046 Podvorsky and Vanda Yulyanovna Podvorskaya, children of decedent, .should be paid to Wolf, Popper, Boss, Wolf & Jones, their attorneys in fact for transmittal to said distributees in exchange for proper receipts to be filed with this court.
The intestate share of the daughter, Maria Bulyanovna Podvorskaya 'Chekovitsky, residing in Poland, should be deposited in her name in the Dutchess County Treasurer’s office subject to the further order of this court.